Joseph A. Mullaney, III, Esq.
**CONSUMER LITIGATION GROUP**
Law Office of Dimitrios Kolovos, LLC
211 West State Street, Suite 204
Media, PA 19063
Tel 610-616-5303
Fax 610-672-1944
Eml JMullaney@ConsumerLitigators.com

Relief sought is <u>less</u> than
$150,000.00; this matter is subject to
arbitration pursuant to *L. Civ. R.*
201.1.(d)(1)

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY (TRENTON DIVISION)

| | |
|---|---|
| LISA A. LEICHLITER, a citizen of the State of New Jersey, | |
| Plaintiff, | |
| v. | |
| PORTFOLIO RECOVERY ASSOCIATES LLC, a limited liability company of the State of Delaware, | DOCKET NO.: |
| and | CIVIL ACTION COMPLAINT |
| XYZ Entities I – X, | JURY TRIAL DEMANDED |
| and | |
| JOHN DOES I – X, in their individual capacities, and as agents for Portfolio Recovery Associates LLC and/or XYZ Entities I – X, | |
| Defendants. | |

**PARTIES**

1.  Plaintiff LISA A. LEICHLITER ("Plaintiff") is a citizen and resident of the State of New Jersey.

2.  Defendant PORTFOLIO RECOVERY ASSOCIATES LLC, a limited liability company of the State of Delaware ("PRA"), is an artificial person and regularly conducts business in the State of New Jersey and is principally located at 120 Corporate Boulevard, Norfolk, VA 23502.

3.  Upon information and belief, Defendants XYZ Entities I – X ("XYZ Entities") are unknown artificial persons and regularly conduct business within the State of New Jersey.

4.  Defendants JOHN DOES I – X, in their individual capacities, and as agents for Portfolio Recovery Associates LLC and/or XYZ Entities I – X ("John Does"), are natural persons and regularly conduct business in the State of New Jersey.

**JURISDICTION AND VENUE**

5.  Plaintiff repeats the foregoing Paragraphs as if each were reprinted herein below.

6.  Subject matter jurisdiction is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337; personal jurisdiction is proper pursuant to *N.J. Ct. R.* 4:4-4.

7.  Supplemental jurisdiction over the state-law claims is proper pursuant to 28 U.S.C. § 1367.

8.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the acts, transactions, and occurrences complained of herein occurred in Warren County, State of New Jersey.

## FACTUAL ALLEGATIONS

9.  Plaintiff repeats the foregoing Paragraphs as if each were reprinted herein below.

10. On or after May 14, 1998, Capital One Bank (USA), N.A. ("Capital One") allegedly issued a consumer credit card account to Plaintiff.

11. Upon information and belief, on or about July 13, 1999, the alleged account was "charged off."

12. Upon information and belief, on or about March 18, 2007, Capital One assigned the alleged account to PRA.

13. On or about February 6, 2008, PRA mailed a dunning letter to Plaintiff seeking payment of the alleged account.

14. On or about February 18, 2008, Plaintiff mailed a letter to PRA disputing that she owed any money to PRA.

15. Plaintiff's said letter clearly stated that the alleged account was barred by the statute of limitations.

16. Upon information and belief, PRA knew or should have known that the alleged account was barred from legal recovery by the statute of limitations upon review of its own records and by review of Plaintiff's dispute letter.

17. Upon information and belief, on or before May 6, 2009, PRA hired the debt collection law firm, Apothaker & Associates, P.C. of Mount Laurel, New Jersey ("Apothaker"), to collect the alleged account.

18. At all times material and relevant hereto, Defendants acted through themselves and through their agents including, but not limited to, Apothaker and Apothaker's employees and agents.

19. At all times material and relevant hereto, Defendants are jointly and severally liable for the acts and omissions of Apothaker and Apothaker's employees and agents.

20. On or about May 6, 2009, Defendants filed a state-court lawsuit against Plaintiff seeking payment of the alleged account.

21. Said state-court lawsuit stated that the alleged account was "charged off" on July 13, 1999.

22. Said state-court lawsuit stated that it was assigned by Capital One to PRA on March 18, 2007.

23. Said state-court lawsuit revealed to the World Plaintiff's parent's names, their residential address, their bank, their bank's routing number, and their bank account number.

24. Said disclosure of Plaintiff's parent's private and confidential information subjects them to identify theft and the unauthorized access of their bank account.

25. Said state-court lawsuit revealed to the World Plaintiff's residential address, telephone numbers, employer, employer's telephone number, Plaintiff's date of birth, Plaintiff's social security number, and Plaintiff's signature.

26. Said disclosure of Plaintiff's private and confidential information subjects her to identify theft and other unauthorized use.

27. Plaintiff possesses informational privacy interests and other privacy interests in her social security number and in her identity information that collectively enables others to obtain credit in Plaintiff's name, obtain medical services in Plaintiff's name, obtain employment in Plaintiff's name, and commit crimes in Plaintiff name.

28. Plaintiff has a substantial informational privacy right to limit the disclosure of her social security number and other identity information to reduce the risk that she will be affected by various identity theft crimes.

29. Plaintiff has a legitimate expectation of privacy in her social security number.

30. Upon information and belief, Plaintiff's private and confidential information still remains in the public record despite Defendants' alleged attempt to cause the State of New Jersey to remove it.

31. Plaintiff is mentally distressed and fears the unauthorized use and theft of her identity facilitated by the Defendants' disclosure and publication of her private and confidential information to the World.

## COUNT ONE
### (Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*)

32. Plaintiff repeats the foregoing Paragraphs as if each was reprinted herein below.

33. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and is alleged to have owed a "debt" of a "personal, family, or household" nature as defined by 15 U.S.C. § 1692a(5).

34. Defendants are regularly engaged in the third-party collection of consumer debts and engaged in "communication[s]" as defined 15 U.S.C. § 1692a(2) and are "debt collector[s]" as defined 15 U.S.C. § 1692a(6).

35. The Defendants violated 15 U.S.C. § 1692, *et seq.*

36. In connection with the collection of the alleged account, the Defendants used false, deceptive, and misleading representations and means by falsely

representing the character, amount, or legal status of the alleged account in violation of 15 U.S.C. § 1692e(2)(A).

37. In connection with the collection of the alleged account, the Defendants used false, deceptive, and misleading representations and means by falsely threatening and taking actions that cannot legally be taken in violation of 15 U.S.C. § 1692e(5).

38. The Defendants publicly posted and publicly displayed the Plaintiff's social security number in violation of N.J.S.A. 56:8-164(a)(1) and N.J.A.C. 13:45F-4.1(a)(1) and 15 U.S.C. § 1692e(5).

39. The Defendants intentionally communicated or otherwise made available to the general public the Plaintiff's social security number in violation of N.J.S.A. 56:8-164(a)(4) and 15 U.S.C. § 1692e(5).

40. The Defendants wrongfully used the Plaintiff's social security number in violation of N.J.A.C. 13:45F-5.2(b)(6) and 15 U.S.C. § 1692e(5).

41. In connection with the collection of the alleged debt, the Defendants used false, deceptive, and misleading representations and means to collect or attempt to collect the alleged account in violation of 15 U.S.C. § 1692e(10).

42. The Defendants used unfair and unconscionable means to collect or attempt to collect the alleged account in violation of 15 U.S.C. § 1692f.

43. As a direct and proximate result of Defendants' filing of a time-barred debt collection lawsuit, public disclosure of Plaintiff's parent's private and confidential information, and public disclosure of Plaintiff's private and confidential information, Plaintiff sustained mental distress.

44. As a direct and proximate result of Defendants' filing of a time-barred debt collection lawsuit, public disclosure of Plaintiff's parent's private and confidential information, and public disclosure of Plaintiff's private and confidential information, Plaintiff incurred attorney's fees ($1000.00) and litigation costs ($31.95+) in defending the time-barred debt collection lawsuit and causing the Defendants to remove Plaintiff's private and confidential information from the public record.

**WHEREFORE**, Plaintiff demands that judgment be entered against the Defendants for actual damages, statutory damages, costs, reasonable attorney's fees, interest, and other relief as may be just and proper.

### COUNT TWO
### (N.J. Identity Theft Prevention Act, N.J.S.A. 56:8-161, *et seq.* and N.J.A.C. 13:45F, *et seq.*)

45. Plaintiff repeats the foregoing Paragraphs as if each was reprinted herein below.

46. The Defendants are "businesses" and "private entities" as defined by N.J.S.A. 56:8-161 and N.J.A.C. 13:45F-1.3.

47. The Defendants "communicated" and "publicly posted" and "publicly displayed" to others "personal information" and "records" pertaining to the Plaintiff as defined by N.J.S.A. 56:8-161 and N.J.A.C. 13:45F-1.3.

48. The Defendants violated N.J.S.A. 56:8-161, *et seq*. and N.J.A.C. 13:45F-1.1, *et seq*.

49. The Defendants publicly posted and publicly displayed the Plaintiff's social security number in violation of N.J.S.A. 56:8-164(a)(1) and N.J.A.C. 13:45F-4.1(a)(1).

50. The Defendants intentionally communicated or otherwise made available to the general public the Plaintiff's social security number in violation of N.J.S.A. 56:8-164(a)(4).

51. The Defendants wrongfully used the Plaintiff's social security number in violation of N.J.A.C. 13:45F-5.2(b)(6).

52. As a direct and proximate result of Defendants' public disclosure of Plaintiff's social security number, Plaintiff incurred attorney's fees ($1000.00) and litigation costs ($31.95+) in causing the Defendants to remove Plaintiff's social security number from the public record.

**WHEREFORE**, Plaintiff demands that judgment be entered against the Defendants for actual damages, treble damages, costs, reasonable attorney's fees, interest, and other relief as may be just and proper.

## COUNT THREE
### (Tort - Public Disclosure of Private Facts)

53.     Plaintiff repeats the foregoing Paragraphs as if each was reprinted herein

below.

54.     Findings and declarations of the Legislature of the State of New Jersey are

found at N.J.S.A. 56:11-45(2)(a) and consist of:

a.      The crime of identity theft has become one of the major law

enforcement challenges of the new economy, as vast quantities of

sensitive, personal information are now vulnerable to criminal

interception and misuse; and

b.      A number of indicators reveal that, despite increased public awareness

of the crime, incidents of identity theft continue to rise; and

c.      An integral part of many identity crimes involves the interception of

personal financial data or the fraudulent acquisition of credit cards or

other financial products in another person's name; and

d.      Identity theft is an act that violates the privacy of our citizens and

ruins their good names:  victims can suffer restricted access to credit

and diminished employment opportunities, and may spend years

repairing damage to credit histories; and

e.  Credit reporting agencies and issuers of credit should have uniform reporting requirements and effective fraud alerts to assist identity theft victims in repairing and protecting their credit; and

f.  The Social Security number is the most frequently used record keeping number in the United States.  Social Security numbers are used for employee files, medical records, health insurance accounts, credit and banking accounts, university ID cards and many other purposes; and

g.  Social Security numbers are frequently used as identification numbers in many computer files, giving access to information an individual may want kept private and allowing an easy way of linking data bases. Therefore, it is wise to limit access to an individual's Social Security number whenever possible; and

h.  It is therefore a valid public purpose for the New Jersey Legislature to ensure that the Social Security numbers of the citizens of the State of New Jersey are less accessible in order to detect and prevent identity theft and to enact certain other protections and remedies related thereto and thereby further the public safety.

55.  New Jersey law, e.g., N.J.S.A. 56:8-161, *et seq.* and N.J.A.C. 13:45F-1.1, *et seq.*, prohibits the public disclosure of a person's social security number.

56. The Defendants publicized private information concerning the Plaintiff to the World by disclosing Plaintiff's residential address, telephone numbers, employer, employer's telephone number, date of birth, social security number, and signature in the public records of the State of New Jersey.

57. A reasonable person in Plaintiff's position considers the publication of one's residential address, telephone numbers, employer, employer's telephone number, date of birth, social security number, and signature objectionable and highly offensive.

58. The Defendants knew or acted with reckless disregard of the fact that a reasonable person in Plaintiff's position would consider the publicity objectionable and highly offensive.

59. The private information was not of legitimate public concern and did not have a substantial connection to a matter of legitimate public concern.

60. The private information was not newsworthy of publication and did not have a substantial connection to a newsworthy matter.

61. As a direct and proximate result of Defendants' public disclosure of Plaintiff's private and confidential information, the Plaintiff was harmed and is presumed to be harmed by operation of law.

62. As a direct and proximate result of Defendants' public disclosure of Plaintiff's private and confidential information, Plaintiff sustained mental distress.

63. As a direct and proximate result of Defendants' publication of Plaintiff's private and confidential information, Plaintiff incurred economic damages including attorney's fees ($1000.00) and litigation costs ($31.95+) in causing the Defendants to remove Plaintiff's private and confidential information from the public record.

64. The Defendants' acts and omission were a substantial factor in causing Plaintiff's harm.

**WHEREFORE**, Plaintiff demands that judgment be entered against the Defendants for actual damages, punitive damages pursuant to the New Jersey Punitive Damages Act, N.J.S.A. 2A:15-5.9, costs, reasonable attorney's fees, interest, and other relief as may be just and proper.

**Plaintiff demands a trial by jury as to all Counts.**

BY:  s/Joseph A. Mullaney, III
Joseph A. Mullaney, III, Esq.
**CONSUMER LITIGATION GROUP**
Law Office of Dimitrios Kolovos, LLC
211 West State Street, Suite 204
Media, PA  19063
Tel 610-616-5303
Fax 610-672-1944
Eml JMullaney@ConsumerLitigators.com